**In re Sam WOODRUFF and Joann Woodruff.**

**Sam WOODRUFF and Joann Woodruff, Plaintiffs,**

v.

**Henry JOHNSON and Berniece Johnson, Defendants.**

**Bankruptcy No. JO 84–33 S. Adv. No. 87–557.**

United States Bankruptcy Court, E.D. Arkansas, Jonesboro Division.

Oct. 15, 1987.

Geoffrey B. Treece, Little Rock, Ark., for debtors.

Clifford Cole, Piggott, Ark., for Johnsons (creditors).

## MEMORANDUM OPINION

MARY DAVIES SCOTT, Bankruptcy Judge.

Now before the court is a Motion to Reopen Case and To Declare Debt owed to Henry and Berniece Johnson and not listed on the debtors' petition discharged. The debtors contend in their Motion the debt was inadvertently omitted from their original 1984 petition. The matter came on for hearing October 5, 1987. Separate debtor Sam Woodruff, appeared personally and by counsel, Geoffrey B. Treece, Esq. A Response to this Motion was filed by Henry and Berniece Johnson. They appeared personally and by counsel, Clifford Cole, Esq.

After hearing statements of counsel and testimony the Court concludes that the Motion should be denied. The debtor, Sam Woodruff, testified that he and the Johnsons conspired to omit the Johnson debt from his bankruptcy petition filed in February of 1984. Testimony by both this debtor and Mr. Johnson revealed that they entered into a "gentlemen's agreement" that the debt would not be listed on the bankruptcy petition and the debtor would "eventually" pay the debt to Johnson when he could afford to pay. The Johnsons both testified they did not want their debt listed on the debtors' 1984 petition and the debtor agreed. The debtors, some 3½ years later, now seek to reopen this case to list the Johnson debt and have it discharged. The Johnsons in response to this motion attempt to raise certain assertions that the debt owed to them by the debtor should be determined to be non-dischargeable under some illusory theory of an oral reaffirmation agreement.

The Court is incredulous that the parties come before it seeking relief and resolution of a dispute over an illegal agreement. This Court will have nothing further to do with the dispute and summarily denies the Motion to reopen the case to declare the debt discharged.

The Court is shocked by the testimony presented by the parties. The debtor has essentially committed a blatant fraud on the Court and has testified to the commission of a bankruptcy crime. 18 U.S.C. § 152. The debtor perjured himself and gave a false oath when he submitted his 1984 bankruptcy petition schedules. Thereon he signed a statement, under oath, that the information contained in the schedules was true and correct.

"The bankruptcy court must be jealous of the Bankruptcy Code's requirements that debtors file their petitions honestly and in good faith. In fact, Official Bankruptcy Form No. 6 requires the debtor to sign a statement in conformity with 28 U.S.C. § 1746, under penalty of perjury, which provides that the debtor's statement of assets and liabilities is true and correct to the best of the debtor's knowledge. In fact, criminal sanctions exist for knowingly and fraudulently making a false oath under Title 11." *In Re Godley,* 62 B.R. 258, 262 (Bkrtcy. E.D.Va. 1986).

The Court is obligated under this same title of the U.S. Code and required by law to report to the appropriate U.S. Attorney all

the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. 18 U.S.C. § 3057(a).

The Court, at the hearing in this matter, may have left the incorrect impression with the parties that it also ruled on the issues raised by the respondents. Rather, the Court declined to consider any other matters before it. If the Court left the impression that it ruled on matters raised in the respondents' pleadings, then the Court hastens to correct any misimpression. This written opinion will constitute the Court's final decision.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the debtors' Motion to Reopen to Declare a Debt Discharged be and hereby is denied. It is further

ORDERED that the Clerk of the Bankruptcy Court is directed to order a transcript of the proceeding held in this matter on October 5, 1987 and upon receipt of the certified transcript transmit same along with a copy of this Decision and Order as well as all papers contained in the debtors' file to the U.S. Attorney for the Eastern District of Arkansas.

IT IS SO ORDERED.